Leonard Leigh Fine, J.
The motion before the court raises the novel question of whether a 10-day period set forth under CPLR 3220 within which to accept a tender can be stayed to permit discovery proceedings of that tender.
In the instant action plaintiff brought suit alleging a sum due as and for commissions earned. The defendant made a tender under CPLR 3220 in an amount less than that claimed by the plaintiff in his complaint. As provided by statute, the plaintiff would have 10 days within which time to either accept or reject the offer tendered. If the offer was accepted the issue of liability only would be submitted to the jury at the time of trial in which event, if the jury returned a verdict on behalf of the plaintiff, a judgment in the sum offered and accepted, would be entered with customary statutory costs.
If however the offer was rejected, the entire issue of damages and liability would then be presented to the jury. In the event that the jury returned a verdict in a sum higher than the offered amount, the defendant who made the “ Insufficient ” offer would he chargeable for the judgment, in addition to the trial costs *734 and attorney’s fees necessary in establishing the items of damage. In the event, however, that the verdict amount was less than that which had been offered and rejected, the lower verdict would be recorded in a judgment, in addition to the actual trial costs and attorney’s fees expended by the defendant as a consequence of his defending the “damages” portion of the trial, commencing from the date of the offer, to the trial itself.
Ostensibly therefore, CPLE 3220 was designed to create an inducement toward the removal of the “ damages issue ” from the consideration of a jury where only “ liability ” is in dispute. To that extent, CPLE 3220 differs from CPLE 3219 in that the machinery of 3219 is invoked where liability is conceded thereby permitting a tender by way of a money deposit directly into court.
In the instant case, however, both the “ damages ” and “ liability ’ ’ issues appear to be in dispute, and contrary to the urging of the defendant, an acceptance of the offer under CPLR 3220, through which defendant admittedly proceeds, would not terminate litigation by an acceptance of the offer, but merely would protect him against the imposition of certain costs should the sanctions of 3220 be invoked.
On the question of whether a stay should be granted thereby permitting a discovery of the tender, this court must proceed in accordance with the literal language of the statute. Since CPLR 3220 was designed to remove unnecessary issues from the trial with all of its attendant expenses, there is no reason in logic as to why the acceptance of a tender should be left to chance or guesswork. There can be no prejudice to either side if discovery of a tender is permitted thereby reducing the tender and acceptance machinery to a device consistent with judicious appraisal rather than hasty judgment. To this extent, perhaps the Legislature should reappraise the statute. Until, however, the Legislature does act upon CPLR 3220 to permit such discovery of the tender, this court is constrained not to grant the relief sought and accordingly the instant motion is denied.